IN THE CIRCUIT COURT OF SCOTT COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CREATIVE COMPOUNDS, LLC, ) | |
| ) | |
| Plaintiff, ) | Cause No. 09SO-CV02650 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| LOTT & FRIEDLAND, P.A. a Florida ) | |
| corporation ) | |
| ) | |
| (Serve: Leslie J. Lott ) | |
| 355 Alhambra Circle, Ste. 1100 ) | |
| Coral Gables, FL 33134) ) | |
| ) | |
| Defendant. ) | |

FILED
DEC 2 2 2009
Christy M. Hency, Circuit Clerk
Scott County, MO

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through counsel, and for its Petition for Damages against Defendant, states as follows:

### THE PARTIES

1. Plaintiff Creative Compounds, LLC ("Creative") is, and was at all times relevant herein, a Nevada limited liability company with a principal place of business in Scott County, Missouri and registered to do business in the State of Missouri.

2. Upon information and belief, Lott & Friedland ("L&F") is, and was at all times relevant herein, a Florida corporation with a principal place of business in Coral Gables, Florida.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendant under RSMo. § 506.500 in that Defendant regularly conducted business with Plaintiff in this State and committed tortious acts against Plaintiff in this State which are alleged to and form the basis for this Petition.

- 1 -


Exhibit A

4. Venue is proper in this County under RSMo. § 506.290 in that Creative resides in this County.

## FACTS COMMON TO ALL COUNTS

5. Creative was founded in 2002 by Gary Haynes ("Haynes") as a bulk raw materials supplier for the sports nutrition, food, and dietary supplement industries.

6. At all times relevant herein, Haynes was the CEO and managing member of Creative.

7. Derek Cornelius ("Cornelius") is and has been at all times relevant herein, a paid consultant for Creative.

8. Cornelius and Haynes regularly collaborated to research and develop novel products to be used in the sports nutrition, food, and dietary supplement industries.

## L&F

9. L&F is a law firm located in Coral Gables, Florida.

10. L&F holds itself out as an intellectual property law firm, and according to its website, "is an intellectual property law firm specializing in patent law, trademark law, copyright law, internet law, and entertainment law."

### Creative's Retention of L&F

11. The sports nutrition, food, and dietary supplement industries are highly competitive, and success is in part, a function of developing and protecting new products. As such, intellectual property, particularly patents, were and remain key to Creative's success as an ongoing enterprise.

12. Because it desired to protect its intellectual property interests, Creative engaged L&F in or around May 2007 to represent it in protecting its intellectual property.

- 2 -

13. L&F requested an advanced payment of $5,000 to be held in trust for said representation, which Creative paid on or around May 15, 2007.

### Shaker Cup Invention

14. In 2006, Cornelius and Haynes invented a novel leak-proof shaker cup used, for example, for mixing powdered drinks.

15. Creative arranged for its customer SI03, Inc. ("SI03") to sell the shaker cups on its behalf.

16. SI03 first sold the shaker cups on October 9, 2006.

17. On August 6, 2007, Creative sent a draft patent application for the shaker cup (complete with drawings and patent claims) to L&F seeking an estimate for editing and filing the application.

18. On August 9, 2007, L&F responded with a cost estimate but failed to inquire about potential bar dates on the invention.

19. On September 4, 2007, L&F and Creative negotiated a price for filing of the patent applications, and Creative authorized L&F to file the same and indicated the urgency of the matter.

20. On September 12, 2007, L&F and Creative were scheduled to have a telephone conference to discuss the status of various matters, including but not limited to the shaker cup patent applications, but L&F was inexplicably unavailable for the conference.

21. On September 13, 2007, Creative sent an e-mail to L&F expressing disappointment regarding the missed telephone conference.

22. On September 14, 2007, the L&F attorney handling the matter sent an e-mail to Creative apologizing for the delay and missing the telephone conference, indicating that he had

- 3 -

been "overextended the past couple of weeks due to a personal matter," and rescheduling the call for September 17, 2007.

23. On September 17, 2007, Creative sent an e-mail to L&F indicating that the patent applications must be filed by the end of the week.

24. On September 18, 2007, L&F again missed a scheduled telephone conference to discuss the status of various matters, including the shaker cup patent applications.

25. On September 28, 2007, L&F finally edited the shaker cup patent applications.

26. On October 2, 2007, L&F sent an e-mail to Creative requesting feedback on the shaker cup patent applications and indicating that the applications would be filed the following day.

27. On October 10, 2007, a year and a day after shaker cup was first sold, unbeknownst to Creative, the patent rights were lost under 35 U.S.C. § 102(b).

28. On October 30, 2007, L&F finally filed the patent applications on the shaker cup.

29. The drawings for the design patent application on the shaker cup were also filed incorrectly, the side views being internally inconsistent with the top and bottom views.

30. Both shaker cup patent applications would have been patentable if the applications had been timely filed and if the drawings on the design patent application had properly shown the invention.

31. Creative discovered the malpractice concerning the incorrectly filed drawings by L&F while in Missouri in or around July 2009, when subsequent counsel reviewed an Office Action by the patent examiner for having drawings that were internally inconsistent.

32. Creative discovered the malpractice concerning the failure to timely file the patent applications by L&F while in Missouri in or around November 2009, when subsequent counsel

- 4 -

was performing due diligence in preparation for a potential infringement lawsuit against a third party.

## COUNT I – Legal Malpractice

33. Plaintiff realleges and incorporate by reference herein the allegations contained in Paragraphs 1 through 32 of the Petition as if fully set forth herein.

34. At all relevant times hereto, an attorney-client relationship existed between Plaintiff and Defendant.

35. As attorneys for Plaintiff, Defendant owed Plaintiff a duty to use that degree of skill and learning ordinarily used under the same or similar circumstances by similarly employed attorneys in the legal profession.

36. Defendant specifically owed to Plaintiff a duty to use that degree of skill and learning ordinarily used under the same or similar circumstances by attorneys specializing in patents and/or intellectual property.

37. Defendant acted negligently and failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by similarly employed attorneys in the legal profession by filing a design patent application with internally inconsistent drawings, by failing to inquire of Creative about potential bar dates on the shaker cup patent applications, and by failing to timely file the shaker cup patent applications.

38. But for Defendant's negligence, Plaintiff would have successfully prosecuted the patents at issue and obtained protection for its intellectual property.

39. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages.

40. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff prays that this Court grant judgment against Defendant for compensation for Plaintiff's damages in a sum that is fair and reasonable in excess of One Hundred Thousand Dollars ($100,000), for an award of punitive damages, costs, attorneys' fees, pre- and post-judgment interest, and for such further and other relief that the Court deems just and proper.

## COUNT II – Breach of Fiduciary Duty

41. Plaintiff realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 40 of the First Amended Petition.

42. At all relevant times hereto, an attorney-client relationship existed between Plaintiff and Defendant.

43. As Plaintiff's counsel, Defendants owed fiduciary duties to Plaintiff which included, among other things, care for Plaintiff's intellectual property entrusted to Defendant.

44. Defendant breached these fiduciary duties and, as a direct and proximate result of that breach, Plaintiff has suffered damages.

45. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff prays that this Court grant judgment against Defendant for compensation for Plaintiff's damages in a sum that is fair and reasonable in excess of One Hundred Thousand Dollars ($100,000), for an award of punitive damages, costs, attorneys' fees, pre- and post-judgment interest, and for such further and other relief that the Court deems just and proper.

Respectfully submitted,

By: /s/ Matthew A. Rosenberg
Matthew A. Rosenberg, #45670
LAW OFFICES OF MATTHEW ROSENBERG, LLC
36 Four Seasons Ctr., #116
St. Louis, MO 63017
(314) 256-9699
(314) 786-0532 Fax

*Attorneys for Plaintiff*