UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CREATIVE COMPOUNDS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10CV000025 SNLJ |
| | ) |
| LOTT & FRIEDLAND, P.A., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to stay, #26, filed June 18, 2010. Responsive pleadings have been filed and this matter is ripe for disposition.

**I. Statement of the Case**

Plaintiff Creative Compounds, LLC (Creative) filed its original petition in the Circuit Court of Scott County, in Missouri state court, alleging that defendant Lott & Friedland, P. A. (L & F) acted negligently and breached its fiduciary duties by failing to timely file a patent application for Creative's shaker cup invention.  L & F, a law firm incorporated in the State of Florida, removed the action to this Court on February 4, 2010, under diversity jurisdiction, and now seeks to stay this action pending the resolution of a Florida state court action filed December 2009 in Miami-Dade County, styled *Lott & Friedland, P.A. v. Creative Compounds, Inc.*, 09-86785 CA 03.  Defendant asserts that plaintiff's malpractice allegations in the instant case are a compulsory counterclaim in the Florida suit, and therefore the state proceeding would resolve all claims in this action.  Accordingly, defendant believes that this Court should exercise its discretion to abstain under *Colorado River Water Conservation Dist. v. United States*, 424 U.S.

1

800 (1976).

### II. Discussion

Although it is undisputed that the Court has diversity jurisdiction in this case, defendant argues that this Court should abstain from exercising its jurisdiction under the doctrine of abstention created by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The Supreme Court recognized in *Colorado River* that abstention of jurisdiction may be warranted by a federal court in certain "situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts," and these principles rest on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. at 817. The general principle is to avoid duplicative litigation between federal district courts, but when applied to state-federal concurrent jurisdiction, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id*. The Supreme Court made it very clear that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id*. at 813.

Although this Court has not seen evidence of exceptional circumstances that would warrant abstention, it is unnecessary for this Court to perform a *Colorado River* analysis because defendant stated in its memorandum that "[a]s the Florida Court has yet to decide that it has personal jurisdiction over Creative, the question of whether abstention is warranted in *not yet ripe*." Consequently, there is no reason for this Court to stay the proceedings of this case. Defendant's motion for a temporary stay shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for a temporary stay, #26, is **DENIED**.

Dated this   4th   day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE